**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

SUZANNE VON ACHEN,

        Plaintiff,

v.                                                                               Case No:   6:20-cv-1979-LHP

COMMISSIONER OF SOCIAL
SECURITY

        Defendant.

---

**MEMORANDUM OF DECISION[1]**

Suzanne Von Achen ("Claimant") appeals the final decision of the Commissioner of Social Security ("the Commissioner") denying her application for Disability Insurance Benefits ("DIB").  (Doc. 1).  Claimant raises three arguments challenging the Commissioner's final decision, and, based on those arguments, requests that the matter be reversed and remanded for further administrative proceedings.  (Doc. 30, at 14, 18, 41, 48).  The Commissioner asserts that the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence and decided according to the proper legal standards and should therefore be affirmed.  (*Id.*, at 48).  For the reasons stated herein, the Commissioner's final

---

[1] The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge.  *See* Docs. 23-25.

decision is **REVERSED and REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

## I. PROCEDURAL HISTORY.

On July 12, 2018, Claimant filed an application for DIB, alleging a disability onset date of January 1, 2010. (R. 23, 173-74, 185).[2] Claimant's application was denied initially and on reconsideration, and she requested a hearing before an ALJ. (R. 82-90, 93-103, 118-19). A hearing was held before the ALJ on December 16, 2019, during which Claimant was represented by an attorney. (R. 41-70). Claimant and a vocational expert ("VE") testified at the hearing. (*Id.*).

After the hearing, the ALJ issued an unfavorable decision finding that Claimant was not disabled. (R. 20-39). Claimant sought review of the ALJ's decision by the Appeals Council. (R. 167-69). On September 9, 2020, the Appeals Council denied the request for review. (R. 1-6). Claimant now seeks review of the final decision of the Commissioner by this Court. (Doc. 1).

---

[2] Claimant initially alleged an onset date of January 8, 2001, but later amended her alleged onset date to January 1, 2010. *See* R. 23, 185.

## II.   THE ALJ'S DECISION.[3]

After careful consideration of the entire record, the ALJ performed the five-step evaluation process as set forth in 20 C.F.R. § 404.1520(a).  (R. 24-34).[4]  The ALJ found that Claimant last met the insured status requirements of the Social Security Act on June 30, 2010.  (R. 25).  The ALJ also found that Claimant had not engaged in substantial gainful activity during the period from her alleged onset date of January 1, 2010, through her date last insured.  (R. 26).  The ALJ concluded that, through the date last insured, Claimant suffered from multiple sclerosis, a severe impairment.  (*Id.*).[5]  The ALJ concluded that Claimant did not have an

---

[3] Upon a review of the record, counsel for the parties have adequately stated the pertinent facts of record in the Joint Memorandum.  (Doc. 30).  Accordingly, the Court adopts those facts included in the body of the Joint Memorandum by reference without restating them in entirety herein.

[4] An individual claiming Social Security disability benefits must prove that he or she is disabled.  *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).  "The Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled:  (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ('RFC') assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience."  *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(i)–(v), 416.920(a)(i)–(v)).

[5] The ALJ found that Claimant's history of malignant myeloma and Herpes simplex virus 2 were nonsevere impairments, and that Claimant's anxiety was not a medically determinable impairment due to a lack of objective evidence.  (R. 26).

impairment or combination of impairments that met or equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (R. 26-27).

Based on a review of the record, the ALJ found that Claimant had the residual functional capacity ("RFC"), through the date last insured, to perform sedentary work as defined in the Social Security regulations,[6] except that Claimant:

> [could] occasionally climb ramps and stairs; never climb ladders, ropes or scaffolds; never balance; occasionally stoop, kneel, crouch or crawl; must avoid workplace hazards such as unprotected heights, moving mechanical parts or operating heavy machinery; must avoid operating a motor vehicle; must avoid extreme temperatures, vibrating surfaces and tools; requires level and even flooring and walking surface for safe ambulation; and need the frequent use of a cane or walker.

(R. 27).

Based on this assessment, the ALJ concluded that through the date last insured, Claimant was not capable of performing her past relevant work, which included work as a travel agent.  (R. 32-33).  However, the ALJ found that, considering Claimant's age, education, work experience, and RFC, as well as the testimony of the VE, Claimant was capable of making a successful adjustment to

---

[6] The social security regulations define sedentary work to include:

> lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.  Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a).

other work that exists in significant numbers in the national economy. (R. 33-34). Specifically, the ALJ found that Claimant would have been able to perform the requirements of representative occupations such as: document preparer, call out operator, and surveillance system monitor. (*Id.*). Accordingly, the ALJ concluded that Claimant was not under a disability, as defined in the Social Security Act, at any time from January 1, 2010 (the alleged onset date) through June 30, 2010 (the date last insured). (R. 34).

## III.   STANDARD OF REVIEW.

Because Claimant has exhausted her administrative remedies, the Court has jurisdiction to review the decision of the Commissioner pursuant to 42 U.S.C. § 405(g), as adopted by reference in 42 U.S.C. § 1383(c)(3). The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's findings of fact are supported by substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining

whether the decision is supported by substantial evidence. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

**IV.   ANALYSIS.**

In the Joint Memorandum, which the Court has reviewed, Claimant raises three assignments of error: (1) the ALJ improperly denied Claimant's request to amend the protective filing date, (2) the ALJ erred in evaluating the medical opinions of Dr. Malinda Newcombe, M.D. and Dr. Timothy Carter, M.D., and (3) the Appeals Council erred in determining that post-hearing evidence submitted to it by Claimant was not material. (Doc. 30, at 14, 19, 41). The Court will limit its discussion to Claimant's second assignment of error, particularly with respect to Dr. Carter's opinions, as it is dispositive of this appeal.

The ALJ is tasked with assessing a claimant's RFC and ability to perform past relevant work. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). The RFC "is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis*, 125 F.3d at 1440. In determining a claimant's RFC, the ALJ must consider all relevant evidence,

including the opinions of medical and non-medical sources. 20 C.F.R. § 404.1545(a)(3).

Claimant filed her application for DIB on July 12, 2018.  (R. 23, 173-74). Effective March 27, 2017, the Social Security Administration implemented new regulations related to the evaluation of medical opinions, which provide, in pertinent part, as follows:

> (a) How we consider medical opinions and prior administrative medical findings.  We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources.  When a medical source provides one or more medical opinions or prior administrative medical findings, we will consider those medical opinions or prior administrative medical findings from that medical source together using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate.  The most important factors we consider when we evaluate the persuasiveness of medical opinions and prior administrative medical findings are supportability (paragraph (c)(1) of this section) and consistency (paragraph (c)(2) of this section).  We will articulate how we considered the medical opinions and prior administrative medical findings in your claim according to paragraph (b) of this section.

20 C.F.R. § 404.1520c(a).  Subparagraph (c) provides that the factors to be considered include: (1) supportability; (2) consistency; (3) relationship with the claimant (which includes consideration of the length of treatment relationship; frequency of examination; purpose of treatment relationship; extent of treatment relationship; and examining relationship); (4) specialization; and (5) other factors

that tend to support or contradict a medical opinion or prior administrative medical finding.  *Id.* § 404.1520c(c).

Pursuant to the new regulations, the Commissioner is not required to articulate how she "considered each medical opinion or prior administrative medical finding from one medical source individually." *Id.* § 404.1520c(b)(1). Rather, under the regulations, the most important factors the Commissioner will consider when determining the persuasiveness of medical opinions are supportability and consistency.  *Id.* § 404.1520c(b)(2).  The regulations state that the Commissioner will explain how she considered the supportability and consistency factors in the determination or decision.  *Id.*  Thus, "[o]ther than articulating [her] consideration of the supportability and consistency factors, the Commissioner is not required to discuss or explain how [she] considered any other factor in determining persuasiveness."  *Freyhagen v. Comm'r of Soc. Sec. Admin.*, No. 3:18-cv-1108-J-MCR, 2019 WL 4686800, at *2 (M.D. Fla. Sept. 26, 2019) (quoting *Mudge v. Saul*, No. 4:18CV693CDP, 2019 WL 3412616, at *4 (E.D. Mo. July 29, 2019)). *See also Bolton v. Comm'r of Soc. Sec. Admin.*, No. 6:20-cv-1900-DNF, 2021 WL 5231760, at *7 (M.D. Fla. Nov. 10, 2021) (finding no error where ALJ did not address in the decision any factors other than supportability and consistency) (citing *Torres v. Comm'r of Soc. Sec.*, No. 6:19-cv-1662-ORL-PDB, 2020 WL 5810273, at *2 (M.D. Fla. Sept. 30, 2020))).

Dr. Timothy Carter, M.D. and Dr. Malinda Newcombe, M.D., Claimant's treating physicians, each completed a Multiple Sclerosis Medical Source Statement form on behalf of Claimant. (R. 1386-89, 1390-93). However, as stated above, the Court focuses only on Dr. Carter's Statement, which is dated February 4, 2019. In the Statement, Dr. Carter reported that he based his answers and opinions contained therein on his review of medical records from February 15, 2000 through June 21, 2018, his examination of Claimant, and his relationship with Claimant as Claimant's treating physician. (R. 1390-93). Dr. Carter stated that he first saw Claimant on December 16, 2009 and has regularly seen her since June 1, 2011. (R. 1390). Dr. Carter stated that Claimant has a diagnosis of multiple sclerosis and identified a number of symptoms and signs of the impairment in Claimant, including: chronic fatigue, balance problems, paresthesias, weakness, tremors, blurred vision, depression, difficulty remembering, sensitivity to heat, unstable walking, pain, muscle spasticity, muscle fatigue of limb, vertigo, double vision, bladder problems, emotional lability, loss of manual dexterity, poor coordination, numbness, static tremor, dimness of vision, other vision disturbance, and difficulty solving problems. (*Id.*).

Dr. Carter opined that Claimant could walk half of a city block without rest or severe pain and could sit and stand/walk for less than two hours over an 8-hour workday. (R. 1391). He opined that Claimant could sit for 15 minutes at one time

before needing to get up, and that she could stand for 15 to 20 minutes at one time before needing to sit down or walk around.  (*Id.*).  Dr. Carter further opined that Claimant would require a job that permits shifting positions at will from sitting, standing, or walking, and Claimant's chronic fatigue and pain/paresthesias, and numbness would require Claimant to take unscheduled breaks during the workday, with such breaks occurring at least hourly and of a variable duration.  (*Id.*, 1391-92).

Dr. Carter stated that Claimant was required to use a walker due to incoordination, imbalance, and chronic fatigue.  (R. 1392).  He opined that Claimant could rarely lift/carry less than ten pounds and never lift/carry ten pounds or more, and she could never twist, stoop, or crouch/squat.  (*Id.*).  Dr. Carter found that Claimant has significant limitations with reaching, handling, or fingering, due to incoordination, spasticity, and sensory loss/numbness.  (*Id.*).  He opined that Claimant was likely to be "off task" 25% or more of a typical workday, she was incapable of even "low stress" work, and her impairments would cause her to be absent from work more than four days per month.  (R. 1393).  In response to the question, "[w]hat is the earliest date that the description of symptoms and limitations in this questionnaire applies?," Dr. Carter responded: "[Claimant] reported vision issues as early as 2001."  (*Id.*).

- 10 -

In her decision, the ALJ summarized Dr. Carter's opinion and thereafter evaluated the opinion as follows:

> On February 4, 2019, Dr. Timothy Carter provided multiple sclerosis medical source statement regarding the claimant's condition. Dr. Carter opined that the claimant can sit, stand or walk for less than 2 hours. She needed a job that permitted shifting positions at will from sitting, standing or walking. She needed to take unscheduled breaks during a working day. She can rarely lift and carry less than 10 pounds. She can never twist, stoop or crouch. She would be off task 25% or more. She was incapable of even low stress work. She would be absent from work more than four days per month. With respect to the earliest date that the description of symptoms and limitations in the statement, the claimant reported that she had vision issues as early as 2001. (Exhibit 15F).
>
> The undersigned found the opinion of Dr. Carter not persuasive because it was not consistent or supported by the record. The claimant's response was not responsive to the ultimate question of when the residual functional capacity existed.

(R. 32). This is the entirety of the ALJ's discussion of Dr. Carter's opinion.

Claimant argues that the ALJ's finding with respect to the opinion of Dr. Carter was conclusory, and thus insufficient under the SSA's regulations, which require the ALJ to explain the supportability and consistency factors when evaluating the persuasiveness of a medical opinion. (Doc. 30, at 24-26). Claimant further argues that while she agrees with the ALJ's statement that Dr. Carter's opinion was not responsive to the "ultimate question" of when Claimant's symptoms and limitations began (*i.e.*, when Dr. Carter's opined RFC existed), the ALJ should have recontacted Dr. Carter for clarification. (*Id.*, at 25).

In response, the Commissioner argues that the ALJ was not required to specifically identify all of the evidence that does not support or is inconsistent with a medical opinion, and that the ALJ's decision when read as a whole, lends support for the ALJ's findings as to Dr. Carter. (Doc. 30, at 29-30). The Commissioner further argues that the ALJ was not obligated to recontact Dr. Carter for clarification on the question of when the opined limitations began. *See id.*, at 26-41.

On review, the Court agrees with Claimant that the ALJ erred by failing to adequately address the supportability and consistency factors. While the ALJ stated that Dr. Carter's opinion was "not persuasive because it was not consistent or supported by the record," the ALJ failed to point to *any* medical records that contradict the findings made by Dr. Carter; in other words, the ALJ failed to provide *any* explanation or citation to the record with respect to the consistency factor.[7] Accordingly, the Court finds that the ALJ reversibly erred. *See* 20 C.F.R. § 404.1520c(b)(2) (obligating the Commissioner to "*explain how [she] considered* the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in [the] decision") (emphasis supplied); *Brown v. Comm'r of Soc. Sec.*, No. 6:20-cv-840-GJK, 2021 WL 2917562, at *4 (M.D. Fla.

---

[7] Further, the ALJ's statement that Dr. Carter's opinion "was not responsive to the ultimate question of when the residual functional capacity existed" is less than clear, and as such, the Court cannot find this statement to establish that the ALJ addressed either the supportability or consistency factors.

July 12, 2021) (collecting cases where failure to address supportability and consistency factors in decision was reversible error); *Pierson v. Comm'r of Soc. Sec.*, No. 6:19-cv-01515-RBD-DCI, 2020 WL 1957597, at *6 (M.D. Fla. Apr. 8, 2020) ("As an initial matter, the new regulations require an explanation, even if the ALJ (and the Commissioner) believe an explanation is superfluous."), *report and recommendation adopted*, 2020 WL 1955341 (M.D. Fla. Apr. 23, 2020). *See also Starman v. Kijakazi*, No. 2:20-cv-00035-SRC, 2021 WL 4459729, at *5 (E.D. Mo. Sept. 29, 2021) ("[A]n ALJ's failure to address either the consistency or supportability factors in assessing the persuasiveness of a medical opinion requires reversal.").

Importantly, "[i]t is not the district court's role on review to scour the entirety of the record, with no guidance from the ALJ, in an attempt to divine what record evidence the ALJ believes creates unspecified inconsistencies with the particular opinions the ALJ has given partial [or no] weight." *Pierson*, 2020 WL 1957597, at *4 (citing *Hanna v. Astrue*, 395 F. App'x 634, 636 (11th Cir. 2010) ("The ALJ must state the grounds for his decision with clarity to enable us to conduct meaningful review.")). *See also Brown*, 2021 WL 2917562, at *4 ("[T]he ALJ cannot merely summarize the evidence, as a whole, and then conclude that [medical] opinions are not consistent with the evidence as a whole. Rather, the ALJ must build a logical analytical bridge explaining what particular evidence undermined [the medical]

opinions and why." (quoting *Michael v. Saul*, No. 2:20cv238, 2021 WL 1811736, at *11 (N.D. Ind. May 6, 2021))).

In general, the Commissioner is correct that the ALJ's statements in the decision should not be read in isolation, and that the decision should be considered as a whole. *See generally Davis v. Comm'r of Soc. Sec.*, No. 2:10-cv-673-FtM-DNF, 2011 WL 5826553, at *1, 13 (M.D. Fla. Nov. 18, 2011) (noting that the district court's review is limited to considering whether the ALJ's decision as a whole is supported by substantial evidence). However, upon consideration of the entirety of the ALJ's decision, it is not clear what portions of the record the ALJ relied upon in finding Dr. Carter's opinion inconsistent with the medical evidence of record, and ultimately concluding that Dr. Carter's opinion was unpersuasive. And for the Court to attempt to guess what particular records support the ALJ's decision with respect to Dr. Carter's decision would require the Court to reweigh the evidence—which it may not do. *See Pierson*, 2020 WL 1957597, at *4; *Bloodsworth*, 703 F.2d at 1239.

In sum, because the ALJ failed to adequately address the supportability and consistency factors in evaluating the opinion of Dr. Carter, the Court finds that the ALJ's decision is not supported by substantial evidence, and will remand this case for further administrative proceedings. *See Brown*, 2021 WL 2917562, at *4 (finding reversible error where the ALJ failed to "articulate the persuasiveness of all medical

opinions in the case record" under the new SSA regulations); *Brandy T. v. Saul*, No. 1:20-cv-2994-SVH, 2021 WL 1851378, at *13-14 (D.S.C. May 10, 2021) (ALJ reversibly erred in conclusory rejection of physician opinion for failure to adequately address supportability and consistency factors as required by new regulations).

Given that reversal is necessary on the bases discussed herein, the Court declines to address Claimant's remaining arguments. *See McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (no need to analyze other issues when case must be reversed due to other dispositive errors). On remand, the ALJ must address the remaining issues raised by Claimant, including whether: the ALJ improperly denied Claimant's request to amend the protective filing date, the ALJ properly evaluated the opinion of Dr. Newcombe, and the Appeals Council properly determined that the post-hearing evidence submitted by Claimant was not material. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record).[8]

**V.   CONCLUSION.**

Based on the foregoing, it is **ORDERED** that:

---

[8] This is not to say that the ALJ erred with respect to any of these other issues, but rather simply that the ALJ must consider and reassess the entire record upon remand.

1. The final decision of the Commissioner is **REVERSED and REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

2. The Clerk of Court is **DIRECTED** to enter judgment in favor of Claimant and against the Commissioner, and thereafter, to **CLOSE** the case.

**DONE** and **ORDERED** in Orlando, Florida on March 21, 2022.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record